**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ALVARO GABINO AYONA-SANTOS

Petitioner,

v. No. 1:26-cv-02414-MLG-JHR

WARDEN of Torrance County Detention Center; MARY DE ANDA-YBARRA, El Paso Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**
**AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Petitioner Alvaro Gabino Ayona-Santos's petition for writ of habeas corpus ("Petition"), filed August 27, 2026. *See* Doc. 3. Ayona-Santos challenges his detention and seeks his immediate release. Doc. 8 at 12. Petitioner was detained by Immigration and Customs Enforcement on April 7, 2026 and has been held in detention since that date without a bond hearing. Doc. 3 at 2. Federal Respondents[1] acknowledge that *Santillan Quiroz* controls and § 1226(a)[2] governs Petitioner's detention. Doc. 7 at 1-2. *See Santillan Quiroz v. Mullin*, 180 F.4th

[1] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than the Warden of Otero County Processing Center.

[2] "On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." § 1226(a) (emphasis added).

1226, 1237 (10th Cir. 2026) (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)").

Nevertheless, they argue that the appropriate relief under *Santillan Quiroz* is an order to hold a bond hearing and oppose Petitioner's release. Doc. 7 at 2. The Court disagrees. As numerous other courts have noted, immediate release is the appropriate remedy for the due process violation at issue here. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release."); *see also Sosa v. De Azbarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at *3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than a bond hearing); *cf. Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 887 (S.D. Tex. 2026) ("Ordering a bond hearing under § 1226(a), after [the petitioner] has been taken into custody [and erroneously detained under a mandatory detention provision], cannot make up for the lack of an initial, individualized determination process by ICE.").

It is hereby ordered:

1. Respondents must immediately release (no later than forty-eight hours from this Order's filing) Ayona-Santos from custody.
2. Upon Ayona-Santos's release, Respondents must return all of his property, including any identification documentation that was in his possession when he was detained.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA